*Meaders v. Helwaser*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty.

PRESENT:
> **ROBERT D. SACK,**
> **MICHAEL H. PARK,**
> **STEVEN J. MENASHI,**
> > *Circuit Judges.*

_____

PHYLISS P. MEADERS,

> *Plaintiff-Appellant*,

> v.                                                               20-730

ANTOINE HELWASER, HELWASER GALLERY, HELWASER FINE ART, INC.,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOSHUA LOONEY (Christian W. Habersaat, *on the brief*), Goulston & Storrs PC, New York, NY |
| **FOR DEFENDANTS-APPELLEES:** | JUDD B. GROSSMAN, Grossman LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Phyliss P. Meaders ("Phyliss") brought this diversity action against Antoine Helwaser, Helwaser Gallery, and Helwaser Fine Art, Inc. (collectively, "Helwaser"), claiming conversion and unjust enrichment under New York state law and seeking replevin, a declaration of ownership, and money damages. Phyliss alleged that in 2016, Helwaser purchased an Alexander Calder sculpture from her brother, Paul L. Meaders III ("Paul"), for $277,500; that she held an ownership interest in the sculpture and did not consent to the sale; and that Helwaser "knew, or should have known" of her ownership. The district court granted Helwaser's motion for summary judgment, holding that Phyliss had failed to present evidence from which a jury could conclude that she owned the sculpture at the time of the sale. Phyliss now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Phyliss relies on two types of evidence to support her theory of ownership. First, she asserts that the "provenance" Paul provided on the sale invoice indicates that she was, along with Paul, the final owner of the sculpture before the sale.[1] Second, she argues that the allegations in her verified complaint and her deposition testimony suggest that Paul distributed an ownership interest to her from the estate of Jane Meaders ("Jane"), Paul and Phyliss's step-mother.

The district court found that this evidence was inadequate to defeat Helwaser's summary judgment motion, and we agree. To survive summary judgment, a plaintiff cannot simply raise

---

[1] An artwork's provenance is "a history of its ownership." *DeWeerth v. Baldinger*, 836 F.2d 103, 112 (2d Cir. 1987).

"some metaphysical doubt as to the material facts," *Bellamy v. City of New York*, 914 F.3d 727, 754 (2d Cir. 2019) (internal quotation mark omitted), or present evidence that is "merely colorable," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Instead, she must "designate specific facts showing that there is a genuine issue for trial." *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Phyllis does not meet this standard.

At bottom, Phyliss identifies no direct evidence that Paul distributed to her an ownership interest in the sculpture. As the district court noted, she points to "no Surrogate's Court filing, no accounting, and no inventory to support her possession of anything more than a beneficial interest," "produces no documents reflecting the details of the distribution of Jane's estate," and "offers no allegations of an oral agreement or even a conversation with Paul, reflecting an intention to distribute the [sculpture] in a manner such that the siblings would share joint ownership." *Meaders v. Helwaser*, 436 F. Supp. 3d 677, 682 (S.D.N.Y. 2020).

The evidence Phyliss does present fails to support her ownership claim. Phyllis undisputedly held a beneficial interest in the sculpture after Jane's death and before distribution of the estate, making her inclusion in the provenance both "appropriate and logical" even if she did not own the sculpture at the time of sale. *Id.* at 683. In any event, the document on which the provenance first appeared also included Paul's express representation that he was the sole owner of the sculpture, and thus the provenance is "not significantly probative" of Phyliss's contradictory theory that Paul granted her an ownership interest that survived until the sale. *Anderson*, 477 U.S. at 249–50. Phyliss's remaining evidence consists of her own allegation of ownership and testimony that is, at most, consistent with an inference that she at one time *believed* she owned the sculpture. The district court correctly held that no reasonable jury, viewing this evidence, could

3

resolve the ultimate question of ownership in Phyliss's favor. *See, e.g.*, *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) ("Genuine issues of fact are not created by conclusory allegations.").

Finally, Phyliss contends that if we find the record evidence insufficient to support her claim of ownership, we should nevertheless remand to the district court to allow her a "proper and sufficient opportunity" to develop her arguments. Appellant's Br. at 20. On review of the record, we are satisfied that Phyliss had such an opportunity. In particular, this case is readily distinguishable from *American Plastic Equipment, Inc. v. CBS Inc.*, 886 F.2d 521 (2d Cir. 1989), on which Phyliss relies. Unlike the non-moving party in *American Plastic*, Phyliss herself raised a new theory of the case in her opposition to Helwaser's summary judgment motion. And she gives no reason to believe that she received inadequate discovery or was otherwise prejudiced in any way. There is no basis for remand.

We have considered the appellant's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4